**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30011 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-00042-TMB-1 |
| v. | |
| PHILLIP DIXON, Jr., AKA Cheddar, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted May 18, 2021**

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Phillip Dixon, Jr., appeals pro se from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), and we affirm.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Dixon argues that the district court erred by determining he did not demonstrate the necessary "extraordinary and compelling reasons" justifying early release, and by giving insufficient weight to his rehabilitative efforts while incarcerated, the portion of his sentence he has already served, and the impact of COVID-19 on the prison system. The district court considered Dixon's medical conditions and rates of COVID-19 infection at the prison, and did not abuse its discretion in concluding that they did not constitute "extraordinary and compelling reasons" under § 3582(c)(1)(A). *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

The district court also considered the fact that Dixon had served approximately half of his sentence, and concluded that the relevant 18 U.S.C. § 3553(a) factors did not support relief notwithstanding Dixon's rehabilitative efforts. *See* 18 U.S.C. § 3582(c)(1)(A) (district court must consider the applicable § 3553(a) sentencing factors on a motion for compassionate release). In assessing those factors, the district court cited the seriousness of the offense, Dixon's criminal history, and the need to protect the public. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(C). Because the court's reasons are supported by the record, it did not abuse its discretion by denying relief. *See Robertson*, 895 F.3d at 1213.

**AFFIRMED.**